```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

TAVON HUNT                          *

         Plaintiff                  *

         vs.                        * CIVIL ACTION NO. MJG-17-3481

CITY OF BALTIMORE, ET AL.,          *

         Defendants                 *

*    *       *       *       *       *       *       *       *
```

## MEMORANDUM AND ORDER

The Court has before it Defendant, Johnston's Motion to Dismiss, Or In the Alternative For More Definite Statement [ECF No. 9], and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Plaintiff Tavon Hunt ("Hunt") alleges that on August 16, 2016, he was subjected to an unlawful traffic stop. He alleges he was aggressively frisked and groped, that his person and vehicle were unlawfully searched, and that the officers cat-called his girlfriend.

He brings this action against Jeremy Johnston and John Doe Officers 1-5 and John Doe Supervisors 1-10.[1] Defendant Jeremy Johnston ("Johnston") now seeks to dismiss the Complaint or, in

---

[1] The City of Baltimore has been terminated from this case. ECF No. 11.

the alternative, for a more definite statement of the allegations against him.

The Court finds that Johnston is justifiably unable to prepare an Answer to the Complaint because it is unclear what is claimed against him.  Indeed, the Complaint mentions his name only one time in the introduction section:

> Defendant, P.O. JEREMY JOHNSTON, at all pertinent times was a resident of the County of Baltimore and the State of Maryland, was employed by the City of Baltimore as a public safety officer, and is being sued individually and in his official capacity, jointly and severally with the other Defendants named herein.

Compl. ¶ 7.  There are no other mentions of Defendant Johnston.

Under the circumstances, the Court finds it appropriate to require the Plaintiff to file an amended complaint to state more clearly what is claimed against Defendant Johnston.  Defendant Johnston may, at that point, renew his motion to dismiss if he wishes to do so.  Should the Plaintiff fail to file an Amended Complaint within the time provided by the Court, the Court shall dismiss all claims against Defendant Johnston for failure to state a claim.

Accordingly:

1. Defendant, Johnston's Motion to Dismiss, Or In the Alternative For More Definite Statement [ECF No. 9] is DENIED IN PART AND GRANTED IN PART.

a. Plaintiff shall, by May 14, 2018, file an Amended
      Complaint, including a statement of what is
      specifically claimed against Defendant Johnston.

   b. Defendant Johnston's motion to dismiss is DENIED AS
      MOOT, without prejudice to his ability to renew his
      motion to dismiss the Amended Complaint.

2. Should Plaintiff fail to file an Amended Complaint by
   May 14, 2018, all claims shall be dismissed against
   Defendant Johnston with prejudice with costs.


SO ORDERED, this Friday, April 13, 2018.


                              _____/s/_____
                               Marvin J. Garbis
                            United States District Judge